UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PHILLIP EALY, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:15-cv-00529-JMS-TAB |
| | ) | |
| SUPERINTENDENT, Correctional | ) | |
| Industrial Facility, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). The petition of Phillip Ealy for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) fails this test and the action must therefore be **dismissed**.

**I.**

Ealy is serving the sentence imposed by a state court following his 1994 convictions for murder and of carrying a handgun without a license, No. 49G05 9312 CF 168186. *See Ealy v. State,* 685 N.E.2d 1047 (Ind. 1997). He has filed a petition for writ of habeas corpus, seeking his release.

Ealy filed a prior habeas action in this court, docketed as No. 2:08-cv-00130-WTL-WGH, which was "dismissed as untimely" pursuant to 28 U.S.C. § 2244(d)(1)(A) in an Order issued on August 18, 2008. Ealy has now filed another petition for a writ of habeas corpus in which he asserts claims which were or which could have been presented in the first habeas action. The prior habeas action was dismissed with prejudice. A disposition on this basis is considered to be "on the merits."

*See, e.g., Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003) (per curiam) ("We hold today that a prior untimely [28 U.S.C. § 2254] petition does count [as an adjudication on the merits] because a statute of limitations bar is not a curable technical or procedural deficiency. . . .") This court declined to issue a certificate of appealability. His appeal, docketed as No. 08-3228, ended when the Court of Appeals also declined to issue a certificate of appealability.

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing." *Id.*

With the prior habeas petition having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Ealy has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural

ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

   IT IS SO ORDERED.

Date: __Novmeber 13, 2015__

                  Hon. Jane Magnus-Stinson, Judge
                  United States District Court
                  Southern District of Indiana

Distribution:

PHILLIP EALY
946111
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Electronically Registered Counsel